**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 7, 2015

Mr. Clarence Rahim Gipson
1920 N. Monroe Street
Baltimore, MD 21217

Stacey I. Cole
Special Assistant United States Attorney
6401 Security Boulevard, Room 617
Baltimore, MD  21235

     RE:   *Clarence Gipson v. Commissioner, Social Security,*
             Civil No. SAG-15-1298

Dear Mr. Gipson and Counsel:

     This case has been assigned to me by consent of the parties. [ECF Nos. 8, 11]. I have reviewed the Commissioner's Motion to Dismiss [ECF No. 13]. Mr. Gipson, who appears *pro se*, has not filed an Opposition.[1] For the reasons set forth below, the Commissioner's motion is GRANTED and the complaint is DISMISSED.

     On February 27, 2015, the Appeals Council mailed Mr. Gipson notice of its decision denying his request for review of an adverse decision from an Administrative Law Judge. Jones Decl, Ex. 2. That notice also advised Mr. Gipson of his right to commence a civil action within 60 days from receipt of the notice. *Id.,* 42 U.S.C. §§ 405(g) and (h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Mr. Gipson has not alleged that he received the notice outside of the statutory time period. Mr. Gipson therefore had to file a civil action on or before May 4, 2015. Instead, Mr. Gipson filed his complaint on May 6, 2015. [ECF No. 1].

     I note that Mr. Gipson's Complaint and Civil Cover Sheet are dated May 4, 2015. [ECF No. 1]. However, the Clerk's Office time stamp indicates that the documents were not filed until 11:06 a.m. on May 6, 2015. *Id.* The reasons for the two-day discrepancy are not presented to this

---

[1] The Commissioner's Motion to Dismiss was filed on July 13, 2015. [ECF No. 13]. On July 17, 2015, the Clerk mailed a Rule 12/56 letter to Mr. Gipson, advising him of the potential consequences of a failure to oppose the motion to dismiss. [ECF No. 14]. Mr. Gipson still did not file an opposition prior to the deadline. I have reviewed the documents submitted with Mr. Gipson's complaint, but find nothing within those documents to refute the jurisdictional facts set forth by the Commissioner. *See* [ECF No. 1].

*Clarence Gipson v. Commissioner, Social Security,*
Civil No. SAG-15-1298
August 7, 2015
Page 2

Court. "Because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service,* 223 F.3d 275, 280 (4th Cir. 2000). Mr. Gipson has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner. As a result, despite the differences in the dates, I am unaware of any facts to justify equitable tolling, and the Commissioner's Motion to Dismiss must be granted.[2]

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge

Enclosure (to Mr. Gipson)

---

[2] I note that certain attachments to the complaint had handwritten notations requesting the documents be returned to Mr. Gipson. Therefore, I am enclosing a copy of the complaint with Mr. Gipson's letter.